## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

———————————————————————— )
J.Q. DOE,                                      )
                                               )
                            Plaintiff,         )
            v.                                 )            Civil Action No.
                                               )
U.S. DEPARTMENT OF TREASURY,                   )
INTERNAL REVENUE SERVICE, *et al.,*            )
                                               )
                            Defendants.        )
———————————————————————— )

## MOTION TO PROCEED WITH PSEUDONYM

Plaintiff, J.Q. Doe, by and through counsel, hereby respectfully moves for leave to

proceed in this Privacy Act action with the pseudonym "J.Q. Doe" and to use that pseudonym in

the caption of the complaint, and to list Plaintiff's counsel's address as the address for Plaintiff

in the court's records in order to protect Plaintiff's confidentiality and to maintain Plaintiff's

pseudonym.  This action is brought pursuant to the Privacy Act of 1974, 5 U.S.C. §552a, and

Plaintiff alleges that the Defendants wrongfully disclosed Privacy Act-protected information

about Plaintiff to third persons and the news media without obtaining Plaintiff's consent, and

that Defendants committed other Privacy Act violations.

If this motion is granted, Plaintiff is willing to disclose her identity to the Defendant,

subject to the conditions of a reasonable protective order.

Plaintiff refers the court to the attached memorandum of points and authorities and the

Plaintiff's Complaint, which is attached hereto as Exhibit 1.  A proposed Order is also submitted

herewith.

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.     BACKGROUND AND MATERIAL FACTS.**

Plaintiff's Privacy Act Complaint alleges, *inter alia,* that Defendant U.S. Internal

Revenue Service ("IRS"), which is Plaintiff's government employer, and Defendant U.S. Office

of Special Counsel ("OSC"), intentionally and willfully disclosed and failed to properly maintain

or safeguard highly confidential and sensitive personnel and other records about Plaintiff, and

Defendants disclosed confidential Privacy Act-protected information about Plaintiff to third

persons and the news media without obtaining Plaintiff's consent.   A copy of Plaintiff's

Complaint is attached hereto as Exhibit 1.

Plaintiff is currently employed by Defendant IRS and has worked for more than 30 years

for the federal government and established an exemplary record as a highly skilled and effective

employee.

Confidential agency records, including but not limited to those records relating to

employee work performance, Performance Appraisals, supporting documentation for employee

ratings, disciplinary records, settlement records, information which identifies the Plaintiff and

other sensitive and confidential information pertaining to Plaintiff and other employees are

required to be maintained by Defendants within Privacy Act systems of records.  Both

Defendants IRS and OSC are required to maintain and safeguard such confidential records by,

*inter alia,* storing them in locked desks, metal filing cabinets or in a secured room with access

limited to those whose official duties require access, and to provide for additional safeguarding

procedures such as the use of sign-out sheets and restrictions on the number of employees who

are able to access electronic records through use of access codes and logs.

In this case, Plaintiff alleges that Defendants IRS and OSC wrongfully disclosed and failed to properly maintain and safeguard confidential records, including but not limited to employee disciplinary records, an employee settlement agreement and other confidential information pertaining to Plaintiff.  In her Complaint, Plaintiff alleges that the Defendants intentionally or willfully made such wrongful disclosures of confidential information about Plaintiff to third persons and the news media without obtaining Plaintiff's consent.

On or about June 16, 2003 a confidential personnel record highly embarrassing to Plaintiff was created by the Defendants and placed into one or more systems of records which the Defendants were required to keep confidential and maintain in accordance with the Privacy Act of 1974 and its implementing regulations.  Additionally, both Defendants entered into a Settlement Agreement with Plaintiff in which the Defendants agreed that the Defendants would keep confidential the Plaintiff's identity as it related to the Defendant's investigation and discipline of Plaintiff concerning certain allegations that were made against Plaintiff, and Defendants also agreed they would not publicly disclose either the Plaintiff's identity or the details of the investigation concerning those allegations against Plaintiff.[1]

However, Plaintiff alleges that by July, 2003, confidential Privacy Act-protected information pertaining to Plaintiff was "leaked" or otherwise disclosed by Defendants to the third persons and the news media without Plaintiff's consent.  In July 2003, confidential personnel and other private information about Plaintiff was publicly disclosed by Defendants

---

[1] Specifically, the Defendants agreed that they would not disclose the terms of the Settlement Agreement "and/or the facts and issues relating to and/or addressed in" the investigative file related to the allegations against Plaintiff "to any person and/or entity…" with certain exceptions that are not applicable in this action.  In addition, the Settlement Agreement permitted one of the defendants to issue a general press release concerning the resolution of the investigation but (Footnote continued on next page…)

without Plaintiff's consent was published in the print media and on the World Wide Web.

Plaintiff also alleges that Defendants OSC and IRS did not properly maintain or safeguard

confidential personnel records and other confidential information pertaining to Plaintiff by, *inter*

*alia*: failing to store them in a secure manner; failing to restrict access to Plaintiff's confidential

personnel records only to those whose official duties require access; failing to use sign-out

sheets; and failing to restrict the number of employees who are able to access electronic records

through use of access codes and logs.  Information contained within the aforementioned

confidential personnel records pertaining to Plaintiff, which was disclosed by Defendants

without Plaintiff's consent, is either negative, derogatory, sensitive or highly personal in nature

and which would reasonably result in substantial harm, embarrassment, inconvenience, or

unfairness to any individual on whom such information is maintained if the security and

confidentiality of such records was not maintained or safeguarded, or if such records were

disclosed without the subject's consent.

Now, as Plaintiff brings this Privacy Act case against the Defendants, Plaintiff moves for

leave to proceed with a pseudonym, so that from the beginning of this proceeding she is shielded

from further harm and/or adverse effects by being associated with the Defendants' alleged

Privacy Act violations as a result of bringing this action.  Plaintiff is reluctant to proceed with

this Privacy Act action if her Motion to Proceed with Pseudonym is denied.  If Plaintiff's name

becomes publicly associated with the Privacy Act allegations contained in the Complaint as well

as the negative and sensitive information that Plaintiff alleges is contained within the

confidential personnel records at issue, Plaintiff's professional reputation will be subjected to

---

expressly required that any such press release would not contain Plaintiff's name.

further severe harm and it will likely result in additional damage to Plaintiff's reputation and career.

## II.    ARGUMENT.

It is not unusual for courts to grant Plaintiffs leave to proceed with a pseudonym in Privacy Act cases, like this one, where the underlying claims involve the disclosure or inadequate safeguarding of personal and highly sensitive confidential personnel records, and where a pseudonym is needed to protect the Plaintiff's personal privacy.

For example, in *Doe v. United States*, where the "controversy center[ed] on a State Department Report of Investigation," concerning the plaintiff's interview/application for a State Department foreign service position which was used to evaluate Plaintiff's application for a federal position, the district court granted leave for the Plaintiff to proceed with a pseudonym. *Doe v. United States*, 821 F.2d 694, 695 (D.C. Cir. 1987) (*en banc*).  In the *en banc* Court of Appeals decision, the court noted: "At her request, and by order of the district court, the plaintiff is proceeding anonymously in this case."  *Id.* at 695, n. 1.

Likewise, in *Doe v. United States Dep't. of Justice*, the plaintiff was an attorney who had received a conditional offer of employment from DOJ.  *Doe v. United States Dep't. of Justice*, 790 F.Supp. 17, 18 (D.D.C. 1992).  After a full FBI background investigation, however, DOJ rescinded offer of employment.  *Id.*  Plaintiff brought action under the FOIA and the Privacy Act, seeking full access to records FBI developed during course of background investigation.  *Id.* By permitting the Plaintiff to proceed with a pseudonym the court allowed the plaintiff not to be publicly associated with the negative connotations of records subject to Plaintiff's Privacy Act request.

In another case, *Doe v. United States Dep't. of Justice*,[2] the plaintiff was a DOJ attorney who was terminated after working seven years for DOJ, based on allegations of unprofessional conduct.  *Doe v. United States Dep't. of Justice*, 753 F.2d 1092, 1095 (D.C. Cir. 1983).  Plaintiff sued, alleging, *inter alia*, that her termination violated her Fifth Amendment-protected liberty interest in reputation, without due process.  *Id.*  Plaintiff also alleged that defendant leaked information about plaintiff to other attorneys in same field, further harming her reputation.  *Id.*  In that case, Plaintiff was allowed to proceed "under the fictitious name Jane Doe."  *Id.*

Also, in *Doe v. FBI*, a Privacy Act case involving Plaintiff's accuracy and amendment claims over an FBI background report, which was used to evaluate Plaintiff's candidacy for a high-level federal position, the court granted the Plaintiff leave to proceed under a pseudonym.  *Doe v. FBI*, 718 F.Supp. 90, 92 (D.D.C. 1989), *rev'd in part on other grounds*, 935 F.3d 1346 (D.C. Cir. 1991).   *See also, Makuch v. FBI*, 2000 U.S. Dist. LEXIS 9489 (D.D.C. 2000) (Privacy Act Plaintiff, a former FBI witness or informant, granted leave to proceed with pseudonym, due to personal safety concerns); *Doe v. DiGenova*, 779 F.2d 74, 76 (D.C. Cir. 1985) (in Privacy Act case involving the alleged unauthorized disclosure of Plaintiff's medical records, the district court granted the plaintiff leave to proceed with a pseudonym and participate as a "Doe" Plaintiff.).

Our district courts have also allowed Plaintiffs to proceed under pseudonyms in non-Privacy Act cases where important personal privacy interests were nonetheless at stake.  There have been at least two cases where the courts allowed a pseudonym in order to protect the privacy and professional reputation of government attorneys who were subject to allegations of

---

[2]This *Doe* case is different from the earlier cited *Doe v. U.S. Dep't. of Justice* case. (Footnote continued on next page…)

unprofessional conduct.  For example, in a case involving ethics/professionalism claims against

an Assistant United States Attorney, the court used a pseudonym for the attorney, "to protect the

privacy of the AUSA involved in this case." *United States v. Ferrara*, 847 F.Supp. 964, 966, n. 1

(D.D.C. 1993), *aff'd*, 54 F.3d 825 (D.C. Cir. 1995).

Additionally, in *Doe v. Board on Professional Responsibility*, the plaintiff was an

attorney under investigation for unprofessional conduct, and was allowed to proceed under the

Doe pseudonym.  *Doe v. Board on Professional Responsibility*, 717 F.2d 1424, 1426 (D.C. Cir.

1983).  In this way, pseudonyms have been allowed to protect an attorney-plaintiff's reputation

when the litigation involves issues that could negatively affect his or her professional reputation,

even where it is alleged that he or she committed misconduct.

In other non-Privacy Act cases, the courts have also permitted parties to proceed under

pseudonyms in order to protect personal privacy interests.  *See e.g. Women Prisoners of the D.C.*

*Dep't of Corrections v. D.C.*, 877 F.Supp. 634, 639, n. 1 (D.D.C. ) (women prisoners granted

leave to use pseudonyms, in order to preserve their privacy and protect them from retaliatory

actions by other inmates and prison employees); *Doe v. United States Air Force*, 812 F.2d 738

(D.C. Cir.1987) (noting that where Plaintiff's sexual orientation was at issue, by virtue of Air

Force regulation calling for discharge of homosexuals, use of a pseudonym was appropriate to

protect Plaintiff).

Here, Plaintiff's privacy interests are directly at stake.  As pleaded in Plaintiff's

Complaint, Defendants have failed to abate the alleged ongoing Privacy Act safeguarding and

disclosure violations, and Plaintiff has already suffered significant "adverse effects" and injuries, as a direct and proximate result of those violations.  Complaint at ¶¶ 24-27.

Notably, the information contained within Plaintiff's confidential personnel records, which are at issue in this case, has the potential to cause even further harm to Plaintiff if they are further disclosed in this litigation, and if Plaintiff is publicly identified as the person who is the subject of those records and the allegations contained in the Complaint.  The records at issue here contain sensitive personal information regarding discipline and serious allegations made against Plaintiff.  Public disclosure of the identity of the subject of records of this type would certainly cause substantial harm, including damage to reputation, to that identified person.  Here, a pseudonym is necessary in order to protect Plaintiff's privacy interests and professional reputation concerning confidential personnel information that, pursuant to federal law and regulations, must not otherwise be made publicly available to third parties without Plaintiff's consent.

By granting this motion, the Court can ensure that—at least with respect to public information arising from this litigation—Plaintiff's name will not become publicly connected to any further derogatory or otherwise sensitive or harmful information contained within confidential personnel files, which are required by law to be kept confidential.  It is also consistent with the purposes of the Privacy Act, which was enacted to prevent public disclosure of the information that will necessarily be revealed during the course of this litigation.  *See e.g.* 5 U.S.C. § 552a(e)(10) (each agency shall "...establish appropriate administrative, technical and physical safeguards to insure the security and confidentiality of records and to protect against any anticipated threats or hazards to their security or integrity which could result in substantial harm, embarrassment, inconvenience, or unfairness to any individual on whom information is

- 8 -

maintained.").  If, however, Plaintiff's name becomes publicly associated with that confidential information, this will defeat the purposes of the very law upon which Plaintiff seeks to obtain redress to protect her privacy interests.

Defendant should not be prejudiced if this motion is granted.  As stated above, Plaintiff is willing to disclose her identity to the Defendant subject to the conditions of a reasonable protective order being entered.  *See e.g. Doe v. Williams,* 167 F. Supp.2d 45, 47 n. 1 (D.D.C. 2001).

As it is the practice of courts within this District to grant leave to proceed with pseudonym where, as here, personal interests (especially personal privacy interests) are at stake, Plaintiff respectfully requests that the Court grant this motion and give Plaintiff leave to proceed with the pseudonym "J.Q. Doe."

<u>**CONCLUSION**</u>

For the foregoing reasons, Plaintiff's Motion to Proceed With Pseudonym should be granted and Plaintiff should be permitted to use "J.Q. Doe" as Plaintiff's name in the caption of the case, and to list Plaintiff's counsel's address as the Plaintiff's address in the court's records.

Respectfully submitted,

_____/s/_____
David K. Colapinto, D.C. Bar No. 416390
Stephen M. Kohn, D.C. Bar No. 411513
KOHN, KOHN & COLAPINTO, LLP
3233 P Street, N.W.
Washington, DC 20007-2756
Tel:    (202) 342-6980
Fax:    (202) 342-6984
*Attorneys for Plaintiff*

Dated: April 6, 2005

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing Plaintiff's Motion to Proceed

With Pseudonym was served, this 6th day of April, 2005, by United States First Class Mail,

postage prepaid, upon:

U.S. DEPARTMENT OF TREASURY,
INTERNAL REVENUE SERVICE
1111 Constitution Ave., NW
Washington, D.C.  20224

      and

U.S. OFFICE OF SPECIAL COUNSEL
1730 M Street, N.W., Suite 201
Washington, D.C. 20036-4505

By: _____
     David K. Colapinto

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                        )
J.Q. DOE,                               )
                                        )
                    Plaintiff,          )
                                        )
         v.                             )        Civil Action No.
                                        )
U.S. DEPARTMENT OF TREASURY,            )
INTERNAL REVENUE SERVICE, *et al.,*     )
                                        )
                    Defendants.         )
_____)

## <u>ORDER</u>

UPON CONSIDERATION of the Motion to Proceed With Pseudonym, filed on behalf of

Plaintiff, J.Q. Doe, on April 6, 2005, and all papers filed in support of or in opposition thereto, it

be and is hereby

**ORDERED** that the Motion to Proceed With Pseudonym, filed on behalf of Plaintiff,

J.Q. Doe, is **GRANTED**; and it is further

**ORDERED** that the Plaintiff shall be exclusively referred to by her pseudonym "J.Q.

Doe" in all papers and any other filings in this matter, and Plaintiff shall be permitted to list as

her address as the address of her attorneys' office in any papers filed with the Court.

**IT IS SO ORDERED**.


_____                    _____
DATED                                    UNITED STATES DISTRICT JUDGE




Copies to:

Stephen M. Kohn
David K. Colapinto
KOHN, KOHN & COLAPINTO, LLP
3233 P Street, N.W.
Washington, DC 20007-2756

U.S. DEPARTMENT OF TREASURY,
INTERNAL REVENUE SERVICE
1111 Constitution Ave., NW
Washington, D.C.  20224

U.S. OFFICE OF SPECIAL COUNSEL
1730 M Street, N.W., Suite 201
Washington, D.C. 20036-4505