UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| J. Q. DOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-0690 (PLF) |
| | ) | |
| DEPARTMENT OF TREASURY, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**STIPULATED PROTECTIVE ORDER**

This is an action brought by plaintiff under the Privacy Act. In the course of litigating this matter, plaintiff has requested or may otherwise rely upon various personnel and other records which defendants believe contain information protected by the Privacy Act of 1974, 5 U.S.C. § 552a, or are otherwise of a confidential or sensitive nature. In order to permit the parties to make use of information that may be relevant to this case without undermining the legislative purposes of the Privacy Act, pursuant to the Privacy Act and Rule 26 of the Federal Rules of Civil Procedure, the parties, subject to the Court's approval, hereby stipulate and agree that the following procedures shall be followed whenever counsel for a defendant (hereinafter the "designating defendant") believes that information may be protected by the Privacy Act or are otherwise of a confidential and sensitive nature and should not be made publicly available:

1.  Counsel for designating defendant shall designate the information as subject to this Order by letter mailed to counsel for plaintiff. Upon request from plaintiff, the designating defendant will promptly explain his basis for designating material as being subject to the Protective Order.

2.	The parties shall not file discovery materials, including interrogatories, answers thereto, document requests, responses thereto, requests for admission, responses thereto, or deposition transcripts, containing information subject to this order with the Clerk.  If any party files any motion, opposition, reply or any other paper prior to trial and attach thereto or set forth therein any information that the designating defendant has designated as subject to this Order, that party shall file two copies of such filing ("Version One" and "Version Two") with the Clerk.  Version One shall contain no redactions and shall be filed in the Clerk's Office in sealed envelopes or other approved sealed containers on which shall be endorsed the title to this action, a brief description of the contents of such sealed envelope or container, the words "under seal," and a statement substantially in the following form:

> This envelope contains documents which have been filed in this case by [name of party] and is not to be opened except pursuant to order of the Court.

No later than five business days thereafter, a copy of the filing ("Version Two") shall be filed on the public record from which shall be redacted only the specific information designated as protected pursuant to paragraph one of this Order.

3.	The right of access to all materials designated as subject to this Order (unless the parties have agreed otherwise or the Court enters an order permitting disclosure) shall be limited to the parties, counsel for the parties, consultants to the parties, paralegals and expert witnesses in their employ, and any other person mutually authorized by all counsel to examine such materials.  Counsel for the parties may show materials designated as subject to this Order to witnesses at depositions in this matter, but only if the portions of the depositions at which these materials are shown, discussed, or referred to are kept under seal.  Any person having access to information

subject to this Order shall be informed that it is confidential and subject to a non-disclosure Order of the Court.

4. Except as provided herein, no person having access to material designated as subject to this Order shall reveal to any person not named in paragraph 3 any information contained in such material without further order of the Court or stipulation of the parties, <u>provided</u>, <u>however</u>, that nothing contained herein shall restrict the government's use of its records for official business or for other purpose consistent with the Privacy Act and other applicable laws and regulations.

5. All documents and copies of documents designated as subject to this Order shall be destroyed or returned to counsel for the designating defendant within sixty (60) days of the conclusion of all trial and appellate proceedings in this case. If the documents are destroyed, the plaintiff's counsel shall so notify the designating defendant's counsel in writing.

6. Nothing contained in this Order shall be construed as precluding plaintiff or defendants from introducing materials that are subject to this Order, or the contents thereof, into evidence at the trial of this case. If, however, these documents are to be used at trial, the Court may determine and direct at that time the extent to which confidentiality shall be protected.

7. Any specific part or parts of the restrictions imposed by this protective order may be terminated at any time by a letter from counsel for the designating defendant to counsel for plaintiff or by an Order of the Court.

8. This Order is without prejudice to the rights of any party to make any objection to discovery permitted by the Federal Rules of Civil Procedure, or by any statute or other authority, or to the rights of any party to make evidentiary objections at trial.

9. This Order is without prejudice to the rights of any party to seek from the Court the modification of this Order. If plaintiff disagrees with the designating defendant's designations and if the parties are unable to resolve the disagreement, the former may seek an order from the Court removing the disputed material from the protection of this protective order.

Respectfully submitted,

_____/s/_____
DAVID K. COLAPINTO, D.C. Bar No. 416390
STEPHEN M. KOHN, D.C. Bar No. 411513
KOHN, KOHN & COLAPINTO, LLP
3233 P Street, N.W.
Washington, DC  20007-2756
(202) 342-6980
Counsel for Plaintiff


_____/s/_____
GERALD A. ROLE, D.C. Bar No. 415274
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-0461
Counsel for Defendant
U.S. Department of the Treasury
Internal Revenue Service


_____/s/_____
KENNETH L. WAINSTEIN [451058]
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS [434122]
Assistant United States Attorney

_____/s/_____
PETER D. BLUMBERG [463247]
Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, N.W,
Washington, D.C.  20530
(202) 514-7157
Counsel for Defendant
Office of Special Counsel


Date: _____


It is so ORDERED by the Court this \_\_\_\_\_ day of _____, 2006.


_____
United States District Judge